IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
INTELSAT GLOBAL SALES AND                  )
      MARKETING, LTD., formerly known      )
      as INTELSAT UK, LTD.,                )
      Building 3, Chiswick Park            )
      566 Chiswick High Road               )
      London  W4 5YA                       )
      United Kingdom                       )
                                           )
      A United Kingdom Corporation,        )
                                           )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )  CA No. _____
                                           )
SOCIETE CENTRAFRICAINE DE TELECOMS, doing  )
      business as SOCATEL,                 )
      P.O. Box 939                         )
      Bangui, Central African Republic     )
                                           )
      A Central African Republic Corporation, )
                                           )
            Defendant.                     )
                                           )
SERVE:      Directeur General, Socatel     ))
            P.O. Box 939                   )
            Bangui, Central African Republic )
                                           )
_____ )
```

**COMPLAINT**

Plaintiff Intelsat Global Sales and Marketing, Ltd., by counsel, files this Complaint against defendant Societe Centrafricaine de Telecoms, doing business as Socatel, and pleads as follows:

1.    Plaintiff Intelsat Global Sales and Marketing, Ltd., formerly known as Intelsat UK, Ltd. ("Intelsat Global"), is a corporation existing under the laws of the

United Kingdom. Intelsat Global is the successor in interest to certain contractual rights of the International Telecommunications Satellite Organization ("INTELSAT"), an international organization established by the Agreement Relating to the International Telecommunications Satellite Organization, an international treaty dated August 20, 1971.

2. Defendant Societe Centrafricaine de Telecoms, doing business as Socatel, ("Socatel") is a corporation existing under the laws of the Central African Republic, with its principal place of business in Bangui, Central African Republic. Socatel is an instrumentality of the government of the Republic of the Central African Republic as defined in 28 U.S.C. §1603.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1330, as defendant is an instrumentality of the government of the Central African Republic as defined in 28 U.S.C. §1603, and has waived its immunity from the jurisdiction of United States courts as defined in 28 U.S.C. §1605(a)(1) and further is engaged in commercial activity that causes a direct effect in the United States as defined in 28 U.S.C. §1605(a)(2).

4. Jurisdiction and venue in this Court is proper, as defendant has irrevocably consented to the jurisdiction of this court. Exhibit 1, ¶ 9.

5. In approximately October 2000, INTELSAT and Socatel entered into a number of agreements ("the Service Contracts"). Pursuant to those Service Contracts, INTELSAT agreed to provide to Socatel certain long-term satellite telecommunications services, and Socatel agreed to pay for such services.

6. On July 18, 2001, INTELSAT, Intelsat Global, and Socatel entered into a Novation Agreement ("Novation Agreement"). A copy of the Novation Agreement is attached hereto as Exhibit 1. Under the terms of the Novation Agreement, the parties agreed to transfer all of INTELSAT's rights and duties under the Service Contracts, including the right to all payments, from INTELSAT to Intelsat Global, then known as Intelsat UK, Ltd. Intelsat Global agreed to assume all obligations of INTELSAT to provide Socatel with telecommunications services under the Service Contracts, and Socatel agreed to pay to Intelsat Global the charges and fees for such services as provided in the Service Contracts and the Novation Agreement, and agreed to pay all invoices issued by Intelsat Global for such services.

7. Furthermore, on July 3, 2001, Intelsat UK, Ltd. and Socatel entered into a Non-Exclusive Service Wholesale Customer Agreement ("Wholesale Customer Agreement"). Pursuant to the Wholesale Customer Agreement s, Intelsat UK, Ltd. agreed to provide to Socatel certain satellite telecommunications services for resale to customers of Socatel, and Socatel agreed to pay Intelsat UK, Ltd. for such services.

8. Plaintiff provided telecommunications services to defendant pursuant to the Novation Agreement and the Service Contracts, as well as pursuant to the Wholesale Customer Agreement, and has performed all its obligations under the Novation Agreement and the Service Contracts, as well as under the Wholesale Customer Agreement.

9. Pursuant to the Novation Agreement, the Service Contracts, and the Wholesale Customer Agreement, as of April 5, 2005, plaintiff has issued invoices

totaling $4,063,899.38 to defendant, which invoices defendant has failed to pay. A summary of the unpaid invoices is attached hereto as Exhibit 2.

10. Defendant has never disputed any invoice issued by plaintiff. Under the terms of the Service Contracts and Wholesale Customer Agreement, such invoices are final.

11. On April 22, 2004, pursuant to the Novation Agreement, the Service Contracts, and the Wholesale Customer Agreement, due to defendant's failure to pay for plaintiff's services, plaintiff terminated the Novation Agreement, the Wholesale Customer Agreement, and all Service Contracts between plaintiff and defendant. Under the terms of the Novation Agreement the Service Contracts, and the Wholesale Customer Agreement, all amounts due from defendant to plaintiff under the remaining term of the Service Contracts and the Wholesale Customer Agreement became immediately due and payable at that time.

12. In spite of the termination of the contract, defendant continues to use Intelsat Global's satellite and communication services without paying for them. Defendant continues to pirate Intelsat Global's services by sending telecommunication signals to and receiving telecommunication signals from Intelsat Global's satellite transponders. Such actions constitute theft of services and trespass to Intelsat Global's telecommunication equipment.

13. Pursuant to the Novation Agreement, the Service Contracts,and the Wholesale Customer Agreement, as of April 5, 2005, defendant owes plaintiff the sum of $4,063,899.38 without right of setoff, together with interest due thereafter, and the costs

of collection. Despite repeated demand for payment, defendant has failed to make payments as due.

### **COUNT ONE**

(Breach of Contract)

13.    Plaintiff incorporates the allegations of paragraphs 1 through 13 above.

14.    Under the terms of the Novation Agreement, the Service Contracts, and the Wholesale Customer Agreement, defendant agreed to pay Intelsat Global's charges and invoices.

15.    Defendant has breached the terms of the Novation Agreement, the Service Contracts, and the Wholesale Customer Agreement by failing to pay for the services rendered by plaintiff under those agreements and by failing to pay plaintiff's invoices.

16.    Plaintiff has been damaged as a result of defendant's breaches.

17.    In addition, under the terms of the Novation Agreement the Service Contracts, and the Wholesale Customer Agreement, plaintiff is entitled to its cost of collection of this debt.

### **COUNT TWO**

(Quantum Meruit/Unjust Enrichment)

18.    Plaintiff incorporates the allegations of paragraphs 1 through 17 above.

19.    Plaintiff has conferred benefits on defendant by providing telecommunications services for defendant's use.

20.    Defendant was aware of the benefits conferred by plaintiff, and has accepted those benefits.

21. Moreover, defendant has stolen additional benefits by engaging in the theft of plaintiff's services by using plaintiff's satellite, equipment and services without authority.

22. It would be inequitable for defendant to retain such benefits without compensation to plaintiff.

23. Plaintiff has been damaged as a result of defendant's failure to pay for the benefits conferred on defendant by plaintiff.

## **COUNT THREE**

(Injunctive Relief)

24. Plaintiff incorporates the allegations of paragraphs 1 through 23 above.

25. Defendant continues to use Intelsat Global's telecommunications satellite and services without authority.

26. Intelsat Global is unable to offer certain satellite capacity to new or existing customers, because defendant has used and is continuing to use such capacity without authority. Defendant's theft of plaintiff's services and unauthorized access of plaintiff's satellite and transponders constitute a continuing trespass to plaintiff's chattels and property.

27. Plaintiff has no adequate remedy at law to remedy defendant's piracy of Intelsat Global's satellite, equipment, and services. Moreover, defendant's actions damage plaintiff's reputation and goodwill, impair its ability to attract other customers

and finance future services, and thus inhibit its ability to enhance its future growth and profitability.

WHEREFORE plaintiff Intelsat Global Sales and Marketing, Ltd. prays that this Court enter

(a) a permanent injunction against defendant Societe Centrafricaine de Telecoms , doing business as Socatel , its agents, employees and affiliates, against any further use of Intelsat Global's satellites, transponders, facilities, equipment, or services; and

(b) judgment in its favor against defendant Societe Centrafricaine de Telecoms , doing business as Socatel , in the amount of $4,063,899.38, together with interest, its costs herein, its attorneys' fees, and such other relief as to the Court seems proper.

                          INTELSAT GLOBAL SALES AND
                                MARKETING, LTD.
                          By Counsel

_____
David I. Bledsoe
Bar Number 422596
601 King Street
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)